UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

KEVIN CONNORS, JAMES CUIFFO, ARTHUR
FITZPATRICK, WILLIAM MIRANDA, JOSEPH
CANGELERI and BARRY KILPATRICK,

Plaintiffs,

-against-

JOSEPH J. NIGRO, in his capacity as General President of
SHEET METAL, AIR, RAIL AND TRANSPORTATION
WORKERS; ROBERT DIORIO, in his capacity as
International Trustee of LOCAL UNION NO. 28 OF
SHEET METAL, AIR, RAIL AND TRANSPORTATION
WORKERS; and SHEET METAL, AIR, RAIL AND
TRANSPORTATION WORKERS,

Defendants.

-------------------------------------------------------------------X

**14 CV 2537 (SAS)**

**ANSWER TO COMPLAINT**

Defendants International Association of Sheet Metal, Air, Rail, and Transportation Workers (the "International" or "SMART"); Joseph J. Nigro, in his capacity as General President of SMART; and Robert DiOrio, in his capacity as International Trustee of Local Union No. 28 of SMART, by and through their attorneys, as and for an answer to Plaintiffs' Complaint, hereby allege as follows:

**NATURE OF ACTION**

1.     This paragraph states characterizations of this lawsuit and conclusions of law, to which no response is required.  To the extent a response is deemed necessary, Defendants admit that Plaintiffs purport to bring this action under Section 304 of the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 464, to enjoin the trusteeship established by the International Association of Sheet Metal, Air, Rail, and Transportation Workers (the "International" or "SMART") over Local Union No. 28 of SMART ("Local 28") on November 13, 2013.  Defendants deny all other allegations in Paragraph 1.

1

## JURISDICTION AND VENUE

2.     The allegations in Paragraph 2 state legal conclusions to which no response is required.  To the extent a response is deemed necessary, the allegations are denied, except that Defendants admit that SMART is conducting affairs of the trusteeship at the Local 28 office, which is located within the Southern District of New York.

## PARTIES

3.     Defendants admit that Plaintiff Kevin Connors is a member of Local 28 within the meaning of Section 3(o) of the LMRDA, 29 U.S.C. § 402(o).  Defendants admit that Connors was elected to the position of President/Business Manager of Local 28 in June 2013, but Defendants aver that Connors was suspended from this position beginning on November 13, 2013 and removed from this position effective January 1, 2014.  Defendants admit the remaining allegations in Paragraph 3.

4.     Defendants admit that Plaintiff James Cuiffo is a member of Local 28 within the meaning of Section 3(o) of the LMRDA, 29 U.S.C. § 402(o).  Defendants admit that Cuiffo was elected to the position of Financial Secretary-Treasurer of Local 28 in June 2013, but Defendants aver that Cuiffo was suspended from this position beginning on November 13, 2013 and removed from this position effective January 1, 2014.  Defendants admit the remaining allegations in Paragraph 4.

5.     Defendants admit the allegations in Paragraph 5.

6.     Defendants admit the allegations in Paragraph 6.

7.     Defendants admit the allegations in Paragraph 7.

8.     Defendants admit the allegations in Paragraph 8.

9.      Defendants admit that SMART is a "labor organization" as defined in Section 3(i) of the LMRDA, 29 U.S.C. § 402(i), and that it is an international labor organization, as that term is used in Section 3(j) of the LMRDA, 29 U.S.C. ¶ 402(j).  Defendants admit the allegations in the second sentence of Paragraph 9.  Defendants deny all other allegations in Paragraph 9.

10.     Defendants admit the allegations in Paragraph 10.

11.     Defendants admit the allegations in the first sentence of Paragraph 11. Defendants admit the Local 28 is a "labor organization" as defined in Section 3(i) of the LMRDA, 29 U.S.C. § 402(i), and that it is an local labor organization, as that term is used in Section 3(j) of the LMRDA, 29 U.S.C. ¶ 402(j), but deny all other allegations in the second sentence of Paragraph 11.  Defendants deny that Local 28 was originally chartered by SMART, but admit the other allegations in the third sentence of Paragraph 11.  Defendants admit the allegations in the fourth sentence of Paragraph 11.

## FACTUAL ALLEGATIONS

Header "A."   Defendants deny that the allegations presented under sub-heading "A" in the Complaint  constitute true and correct history or background.

12.     Defendants admit the allegations in Paragraph 12.

13.     Defendants admit that the International placed Local 28 under trusteeship effective November 8, 2010, pursuant to Article Three of the International Constitution. Defendants admit that on or about November 19, 2010, Craig Sandberg, International Trustee for Local 28 filed a Form LM-15 with the United States Department of Labor ("DOL"), and on the second page of that Form, under the section titled "Check the reason(s) for establishing or continuing the trusteeship," checked boxes stating, "To assure the performance of collective

3

bargaining agreements or other duties of a bargaining representative" and "To restore democratic procedures."  Defendants admit the allegations in the final sentence of Paragraph 13.

14.    Defendants admit the allegations in the first sentence of Paragraph 14.  With regard to the remaining allegations in Paragraph 14, Defendants aver that the reasons for the removal of Michael V. Belluzzi as President of Local 28 were set forth in a May 4, 2011 letter from SMART General President Sullivan to Belluzzi and that this letter speaks for itself as to its contents.

15.    Defendants admit the allegations in Paragraph 15.

16.    In responding to the allegations in Paragraph 16, Defendants aver that SMART General President Sullivan retired effective July 1, 2011 and that the General Executive Board elected Joseph Nigro as SMART's General President effective the same day.  Defendants deny all other allegations in Paragraph 16.

17.    Defendants admit that, on August 10, 2011, International Representative DiOrio requested that charges against Belluzzi be postponed pending investigations into Belluzzi's actions by the DOL and U.S. Attorney's Office.  Defendants deny all other allegations in Paragraph 17.

18.    Defendants admit that Craig Sandberg resigned from his role as Trustee of Local 28 and retired in June 2011, and that DiOrio was appointed to replace him as the Trustee of Local 28.  Defendants deny all other allegations in Paragraph 18.

19.    Defendants admit the allegations in Paragraph 19.

20.    Defendants admit the allegations in Paragraph 20.

21.    Defendants admit the allegations in Paragraph 21.

Header "B."    Defendants deny that the allegations presented under sub-heading "B" in the Complaint constitute true and correct accounts of the trusteeships or the supervision.

22.    Defendants admit that Nigro sent Connors a letter dated May 7, 2012 announcing that Local 28 was no longer under trusteeship.  Defendants aver that this letter speaks for itself as to its contents and deny Plaintiffs' characterization of the contents of the letter.  Defendants deny all other allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants admit the allegations in the first sentence of Paragraph 24. Defendants deny the all other allegations in Paragraph 24.

25.    Defendants admit that individually named Trustees of the Sheet Metal Workers Local 28 Pension, Welfare and Annuity Trust Funds (collectively, "the Trustees") filed a complaint against Belluzzi, McGrath, Gil, PGA Mechanical and 17 Union Place in the U.S. District Court for the Eastern District of New York on April 5, 2013 (the "Lawsuit"), aver that this complaint speaks for itself as to its contents, and deny Plaintiffs' characterization of the complaint's contents.  Defendants deny all other allegations in Paragraph 25.

26.    Defendants admit that Nigro and DiOrio advised Connors to withdraw the Lawsuit after it was filed and to await the outcome of an investigation by the DOL and U.S. Attorney's Office.  Defendants deny all other allegations in Paragraph 26.

27.    Defendants deny the allegations in the first sentence of Paragraph 27.  Defendants admit that DiOrio directed Connors to submit a weekly report to him, detailing information concerning Local 28 affairs, including the examples provided in the second sentence of Paragraph 27.  Defendants deny all other allegations in Paragraph 27.

28.     Defendants admit, upon information and belief, that, in or around July 2013, Connors and the other Union Trustees discussed amending the Lawsuit to include the allegations contained in subsections (i) and (ii) of Paragraph 28.  Defendants deny all other allegations in Paragraph 28.

29.     Defendants admit that by letter of August 9, 2013, the Trustees' counsel in the Lawsuit notified the Court of the Trustees' intent to amend their complaint in the Lawsuit, aver that the letter and proposed amended complaint speaks for themselves as to their content, and deny Plaintiffs' characterization of the letter and the proposed amended complaint.  Defendants deny all other allegations in Paragraph 28.

30.     Defendants admit that, by letters of July 18, 2013 and August 2, 2013, Nigro directed Connors to terminate the law firm of Colleran, O'Hara & Mills LLP ("COHM")—one of two Funds' counsel.  Defendants aver that, on September 26, 2013, the Funds' Trustees held a deadlocked vote on whether to terminate COHM as Funds' Counsel, with the Employer Trustees voting in favor of the motion to designate the law firm Proskauer Rose LLP ("Proskauer") as the sole Counsel to the Fund, and the Union Trustees voting to have both Proskauer and COHM remain as legal Co-Counsel to the Fund and to have COHM continue to handle the Lawsuit.  Defendants further aver that the Trustees determined that under the Trust Agreement, the deadlocked matter would be referred to arbitration and the status quo would continue pending arbitration.  Defendants deny all other allegations in Paragraph 30.

31.     Defendants admit that Nigro, DiOrio, and Norberg, Nigro's assistant, gave various recommendations and directives to Local 28 during the period of supervision.  Defendants deny all other allegations in the first paragraph of Paragraph 31.

- Defendants admit that Nigro directed Connors to create local union committees during the period of supervision, including the committees named in the first sentence of the second paragraph of Paragraph 31. Defendants admit that such Local Union committees were not created during the First Trusteeship. Defendants deny all other allegations in the first sentence of the second paragraph of Paragraph 31. Answering the second sentence of the second paragraph of Paragraph 31, Defendants aver that the Constitution and By-Laws speaks for itself as to its content and deny Plaintiffs' characterization of the Constitution and By-Laws. Defendants admit the allegations in the third sentence of the second paragraph of Paragraph 31. Answering the fourth sentence of the second paragraph of Paragraph 31, Defendants admit that Nigro gave specific instructions to Connors as to the percentage of rank and file participation that the International wanted to have Local 28 achieve on each committee, and the particular tasks that each committee should undertake. Defendants deny the other allegations in the fourth sentence of the second paragraph of Paragraph 31. Defendants deny the other allegations in the second paragraph of Paragraph 31.

- Defendants admit the allegations in the third paragraph of Paragraph 31.

- Defendants admit that DiOrio and Nigro directed Local 28 to terminate the law firm of COHM in its representation of Local 28 and that Connors complied. Defendants deny the other allegations in the fourth paragraph of Paragraph 31.

- Defendants admit that Nigro and DiOrio directed Connors to withdraw the Lawsuit after it was filed and to await the outcome of an investigation by the DOL and U.S. Attorney's Office, and that the Trustees declined to do so. Defendants deny the other allegations in the fifth paragraph of Paragraph 31.

•     Defendants admit that Nigro and Norberg, after consultation with the Special

Master in the case *EEOC v. Sheet Metal Workers Local 28*, No. 71-Civ-2877 (S.D.N.Y.),

directed Local 28 to hire IT consultant Gary Cogan, to reimburse the International for Cogan's

monthly fee without seeking the vote or approval of Local 28's membership, and refused to

require the consultant to meet with the Local Executive Board. Defendants deny the other

allegations in the sixth paragraph of Paragraph 31.

32.     Answering the first sentence of Paragraph 32, Defendants admit that Sandberg, as

International Trustee of Local 28, negotiated with the plaintiffs and EEOC in the case *EEOC v.*

*Sheet Metal Workers Local 28*, No. 71-Civ-2877 (S.D.N.Y.), and that those parties agreed to a

settlement sheet on or about June 30, 2011. Defendants deny all other allegations in the first

sentence of Paragraph 32. Defendants lack sufficient information or knowledge to be able to

admit or deny the allegations in the second sentence of Paragraph 32, as those allegations are

vague and do not define the term "the proposed Settlement Agreement". To the extent that a

response is required, Defendants deny the allegations in the second sentence of Paragraph 32.

Answering the third sentence of Paragraph 32, Defendants admit that on or about March 1, 2013,

Connors signed a proposed Consent Order Regarding Structural Changes and a proposed

Consent Order Resolving Back Pay Claims For The April 1, 1991 Through June 30, 2006 Period,

that these proposed Consent Orders were the product of negotiations with the plaintiffs and

EEOC, and that Connors announced to Local 28 members that he had signed those proposed

Consent Orders. Defendants deny all other allegations in the third sentence of Paragraph 32.

33.     Defendants deny the allegations in the first sentence of Paragraph 33. Answering

the allegations in the second sentence of Paragraph 33, Defendants admit that SMART, after

consultation with Local 28 and the Special Master in the case *EEOC v. Sheet Metal Workers*

*Local 28*, No. 71-Civ-2877 (S.D.N.Y.), directed Connors to create an "Exit Committee" and that Connors did so.  Defendants deny all other allegations in the second sentence of Paragraph 33. Defendants admit that SMART directed Local 28 to hire Tom Doherty to chair the Exit Committee, and that Doherty, at that time, was retired and that Doherty was previously an employee of the Joint Labor-Management Fund.  Defendants deny all other allegations in the third sentence of Paragraph 33.  Defendants admit that Nigro and Norberg have insisted on a provision in any eventual settlement of *EEOC v. Sheet Metal Workers Local 28*, No. 71-Civ-2877 (S.D.N.Y.) under which Local 28 would propose a mandatory hiring hall during negotiations over a new collective-bargaining agreement.  Defendants deny all other allegations in the fourth sentence of Paragraph 33.

34.    Defendants admit the allegations in Paragraph 34.

35.    Defendants admit the allegations in the first sentence of Paragraph 35.  With regard to the allegations in the second sentence of Paragraph 35, Defendants admit that Connors received 973 votes for the position of President/Business Manager to 611 votes for Robert Rotolo, and that Cuiffo received 953 votes for Financial Secretary-Treasurer to 453 votes for Daniel Fox.  Defendants deny all other allegations in the second sentence of Paragraph 35.

36.    Defendants admit that Connors distributed a letter on September 7, 2013 to SMART Local Union Business Mangers across the country.  Defendants aver that the referenced letter speaks for itself as to its contents and deny plaintiffs' characterization of the letter. Defendants deny all other allegations in Paragraph 36.

37.    Defendants admit that Norberg and DiOrio attended a Local 28 membership meeting shortly after Connors distributed the September 7, 2013 letter.  Defendants further admit that at this membership meeting, Norberg questioned Connors about the basis for the allegation

in his September 7, 2013 letter that SMART General President Nigro engaged in "corruption and favoritism" and asked whether Connors planned to bring disciplinary charges against Nigro consistent with these allegations.  Defendants deny all other allegations in Paragraph 37.

Header "C."   Defendants deny that the allegations presented under sub-heading "C" in the Complaint constitute true and correct accounts of the November 13, 2013 Trusteeship.

38.     Defendants admit by letter dated November 13, 2013, Nigro notified all officers of Local 28 that he was putting Local 28 under an emergency trusteeship.  Defendants aver that the referenced letter speaks for itself as to its contents and deny plaintiffs' characterization of the letter.

39.     Defendants admit that Nigro suspended Connors, Cuiffo, Frank Nitto, Ray Minieri, and Ralph Totoro effective November 13, 2013 and that at the time of their suspension, each of these officers was also a Trustee of the Funds and a plaintiff in the Lawsuit.  Defendants admit that Nigro did not suspend Business Agents Butch Keane, Brian McBrearty, Eric Meslin or Nate Mays.  Defendants aver that prior to on or about September 2013, Brian McBrearty had been a Trustee of the Fund and that prior to November 1, 2013, McBrearty had been a plaintiff in the Lawsuit.  Defendants deny all other allegations in Paragraph 39.

40.     Defendants admit that, by letter dated November 13, 2013, Nigro notified Local 28 members of the trusteeship.  Defendants aver that the referenced letter speaks for itself as to its contents and deny plaintiffs' characterization of the letter.

41.     Defendants aver that the referenced provision of the International Constitution speaks for itself as to its contents and deny plaintiffs' characterization of the provision.  The second sentence of Paragraph 41 states a legal conclusion to which no response is required.  To

the extent a response is deemed necessary, Defendants deny the allegations in the second sentence of Paragraph 41.

42.     Defendants admit that, by letter dated November 13, 2013, Ronald H. Whatley, Business Manager/Financial Secretary for SMART Local 85, notified Local 28 members that a General Executive Council Subcommittee (the "Subcommittee") would hold a hearing regarding the trusteeship. Defendants aver that the referenced letter speaks for itself as to its contents and deny plaintiffs' characterization of the letter.

43.     Defendants admit that Connors sent a letter to Nigro on November 19, 2013, requesting certain information and requesting an adjournment. Defendants aver that the referenced letter speaks for itself as to its contents and deny plaintiffs' characterization of the letter. Defendants deny all other allegations in Paragraph 43.

44.     Defendants deny the allegations in Paragraph 44.

45.     Defendants admit that the International provided documents to Connors on November 21, 2013 and provided additional documents to Connors on November 25, 2013. Defendants deny all other allegations in Paragraph 45.

46.     Defendants admit that, at the November 25, 2013 hearing, DiOrio, Norberg, and International Representative Brad Pflueger testified in favor of ratifying the decision of SMART General President Nigro to place Local 28 under trusteeship. Defendants deny all other allegations in the first paragraph of Paragraph 46.

●     Defendants admit that SMART General President Nigro's November 13, 2013 letter notifying Local 28's officials of the trusteeship states: "[t]he current officers have engaged in financial malpractice. They have engaged in 'double-dipping' by getting multiple reimbursements of expenses." Defendants admit that DiOrio testified at the November 25, 2013

hearing about certain Local 28 officers' and Business Agents' reimbursement practices.
Defendants aver that this testimony speaks for itself as to its contents and deny plaintiffs'
characterization of the testimony.  Defendants deny all other allegations in the second paragraph
of Paragraph 46.

- Defendants admit that SMART General President Nigro's November 13, 2013 letter notifying Local 28's officials of the trusteeship states: "The current officers have failed to enforce key provisions of the collective bargaining agreement. In particular, they have not required contractors to inform the local union when they hire and fire."  Defendants admit that Norberg testified at the November 25, 2013 hearing about Local 28's failure to enforce certain, key provisions of the collective bargaining agreement.  Defendants aver that this testimony speaks for itself as to its contents and deny plaintiffs' characterization of the testimony.  Defendants deny all other allegations in the third paragraph of Paragraph 46.

- Defendants admit that SMART General President Nigro's November 13, 2013 letter notifying Local 28's officials of the trusteeship states: "In addition to the lack of employment information, the current officers have delayed and obstructed the implementation of a computerized data system that would enable an accurate understanding of the distribution of work in the union's jurisdiction, further confounding the process of monitoring compliance with the court's orders in the EEOC case as well as transparency about the conduct of the union's affairs."  Defendants deny all other allegations in the fourth paragraph of Paragraph 46.

- Defendants admit that SMART General President Nigro's November 13, 2013 letter notifying Local 28's officials of the trusteeship states: "Local union meetings are often out of control, even reaching the point of physical disorder and violence. Democratic

participation by the members in the local union is deterred by such an environment." Defendants

deny all other allegations in the fifth paragraph of Paragraph 46.

- Defendants admit that SMART General President Nigro's November 13, 2013 letter notifying Local 28's officials of the trusteeship states: "In general and overall, the local union is administered in a haphazard, incompetent fashion and most obvious means of improvement are ignored." Defendants admit that Norberg and DiOrio provided testimony on this issue at the November 25, 2013 hearing. Defendants aver that this testimony speaks for itself as to its contents and deny plaintiffs' characterization of the testimony. Defendants deny all other allegations in the sixth paragraph of Paragraph 46.

47. Defendants admit that the Subcommittee sent a letter to Nigro on December 23, 2013 announcing its decision to ratify the trusteeship. Defendants aver that the referenced letter speaks for itself as to its contents and deny plaintiffs' characterization of the letter. Defendants deny all other allegations in Paragraph 47.

48. Defendants deny the allegations in Paragraph 48.

49. Defendants admit the allegations in Paragraph 49.

50. Defendants admit the allegations in Paragraph 50.

51. Defendants admit that on January 14, 2014, DiOrio filed written internal disciplinary charges against Connors and Cuiffo. Defendants aver that the referenced written charges speak for themselves as to their contents and deny plaintiffs' characterization of the written charges. Defendants deny all other allegations in Paragraph 51.

52. Answering the allegations in Paragraph 52, Defendants aver that on March 5, 2014, the Funds' Trustees voted to retain Proskauer Rose LLP as sole legal counsel for the Fund and for the Lawsuit and that COHM would no longer act as Counsel for the Fund or represent the

Trustees in the Lawsuit. Defendants admit that on March 7, 2014, DiOrio advised COHM of this decision. Defendants deny all other allegations in Paragraph 52.

53.    Defendants deny the allegations in Paragraph 53.

## AS AND TO THE FIRST CAUSE OF ACTION

54.    Defendants repeat and replead each and every answer given in response to Paragraphs 1 through 53 above, as if fully set forth herein.

55.    The allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

56.    The allegations in Paragraph 56 state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

57.    The allegations in Paragraph 57 state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## AS AND TO THE SECOND CAUSE OF ACTION

58.    Defendants repeat and replead each and every answer given in response to Paragraphs 1 through 57 above, as if fully set forth herein.

59.    The allegations in Paragraph 59 state legal conclusions to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action on which relief may be granted because, among other reasons, the November 13, 2013 trusteeship is presumptively valid under 29 U.S.C. § 464(c) and Plaintiffs have failed to allege facts showing that the trusteeship was not estasblished or maintained in good faith for a purpose allowable under 29 U.S.C. § 462.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action on which relief may be granted because, among other reasons, Defendants have established and administered the trusteeship over Local 28 in accordance with the International Constitution, in good faith, and for the purposes set forth in 29 U.S.C. § 462.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a cause of action on which relief may be granted because, among other reasons, even if Plaintiffs could show that Defendants had the alleged retaliatory motives claimed in the Complaint – which allegations Defendants deny –, Defendants had valid and legitimate reasons for imposing the trusteeship over Local 28.

### FOURTH AFFIRMATIVE DEFENSE

The equitable relief sought by Plaintiffs is barred by the doctrine of laches because Plaintiffs waited for over four and a half months before seeking such relief in this action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claim that a trusteeship over Local 28 was in effect during the period May 7, 2012 through November 12, 2013, or any portion therof, is barred by laches and/or by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim that a trusteeship over Local 28 was in effect during the period May 7, 2012 through November 12, 2013, or any portion thereof, is waived and barred because Plaintiffs acquiesced in actions taken by SMART during that period of time.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped from claiming that a trusteeship over Local 28 was in effect during the period May 7, 2012 through November 12, 2013, or any portion thereof.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' second cause of action, to the extent it alleges an independent violation of the International Constitution, is barred for failure to exhaust internal union remedies.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' second cause of action, to the extent it alleges an independent violation of the International Constitution, is barred because Section 301 of the Labor-Management Relations Act, 29 U.S.C. § 301, provides the exclusive judicial means of remedying violations of the International Constitution.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim to equitable relief is barred by the doctrine of unclean hands.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint is vague and uncertain, and as such does not identify or describe the underlying facts in sufficient detail for Defendants to determine fully what defenses to liability may exist.  Defendants therefore specifically reserve their rights to supplement or modify these affirmative defenses as they acquire additional information regarding Plaintiffs' allegations, through discovery or otherwise.

### TWELFTH AFFIRMATIVE DEFENSE

As to Plaintiffs' demand for a jury trial, Defendants answer that Plaintiffs are not entitled to a jury trial on any of their claims.

WHEREFORE, Defendants demand a judgment dismissing Plaintiffs' Complaint and awarding Defendants their attorneys' fees and costs and such other and further relief as the Court may deem just and proper.

Dated: June 2, 2014
      New York, New York

                        BROACH & STULBERG, LLP
                        Attorneys for Defendants

                        Robert B. Stulberg
                        Amy F. Shulman
                        One Penn Plaza, Suite 2016
                        New York, New York 10119
                        212.268.1000
                        212.947.6010 (fax)
                        rstulberg@brostul.com
                        AShulman@brostul.com

                        DAVIS, COWELL & BOWE LLP
                        Richard G. McCracken, *pro hac vice* pending
                        Paul L. More, *pro hac vice pending*
                        595 Market Street, Suite 1400
                        San Francisco, California 94105
                        415.597.7200
                        415.597.7201 (fax)
                        rmccracken@dcbsf.com
                        pmore@dcbsf.com